# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KATOYA WALLACE,

        Petitioner,

v.                                                       Civil Action No. 1:13cv13
                                                             (JUDGE KEELEY)

WARDEN TERRY O'BRIEN,

        Respondent.

## REPORT AND RECOMMENDATION

### I. Introduction

On September 13, 2012, the *pro se* petitioner, Katoya Wallace, an inmate at USP Hazelton at the time, filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 in the Middle District of Florida.. Dkt. No. 1. The petitioner simultaneously filed a Memorandum in Support. Dkt. No. 2. The petitioner alleges that he was punished under the wrong prohibited act without adequate due process following a disciplinary proceeding. Dkt. No. 1 at 4. As such, the petitioner requests that the Court reinstate his lost good time credit, expunge the incident report from his record, and order that he be transferred back to his original region. *Id.* at 7.

On September 26, 2012, Magistrate Judge Philip R. Lammens issued an Order to Show Cause against the respondent. *Id.* On October 24, 2012, the respondent filed a Motion to Dismiss, or in the alternative, a Motion to Transfer, as the petitioner did not file the § 2241 in the correct judicial district. Dkt. No. 5. On November 19, 2012, the petitioner filed a response. Dkt. No. 6. District Judge Wm. Terrell Hodges granted the respondent's motion to transfer to the Northern District of West Virginia on January 23, 2013. Dkt. No. 7.

Accordingly, the undersigned made a preliminary review of the petition and determined that

summary dismissal was not warranted on January 28, 2013. Dkt. No. 11. An Order to Show Cause was issued, and the Warden at FCC Coleman was replaced as the respondent by the Warden at USP Hazelton. *Id.* After receiving two extensions of time to answer from the undersigned (Dkt. Nos. 15 and 18), the respondent filed a Motion to Dismiss or for Summary Judgment and Response to Show Cause Order and a Memorandum in Support with several attached exhibits on March 22, 2013. On April 2, 2013, the undersigned issued a Roseboro notice. Dkt. No. 22. The petitioner received a time extension from the undersigned (Dkt. No. 25) on April 20, 2013, but ultimately failed to file a response.

## II. Facts

### *A. Original Conviction and Sentence*

The petitioner has been a federal prisoner since 2006. *See* 8:05-cr-00270-SDM-TBM, Dkt. No. 40. The petitioner was originally serving a two hundred ninety-two (292) month sentence for manufacturing 50 grams or more of cocaine base. *Id.* However, the sentence was subsequently reduced multiple times for either substantial assistance or retroactive modifications to the Sentencing Guidelines. *See* 8:05-cr-00270-SDM-TBM, Dkt. Nos. 42, 55, 56, and 74. The petitioner was originally housed at FCC Coleman, was subsequently transferred to USP Hazelton, and is currently located in USP Canaan. He is projected for release on August 17, 2015.

### *B. Current Incident*

On August 21, 2011, the petitioner received a visitor in the FCC Coleman visiting room. Dkt. No. 2 at 2. During this visit, the petitioner concedes that he and his visitor touched each other's thighs. *Id.* at 21. Correctional Officer Christopher Palomares reviewed video of this contact and drafted an incident report charging the petitioner with Engaging in Sexual Acts in violation of Prohibited Act 205 of the Bureau of Prisons' (BOP) Disciplinary Code. Dkt. No. 21 at 3. This incident report was delivered to the petitioner on August 21, 2011. Dkt. No. 2 at 1.

Initially, a Disciplinary Hearing Officer (DHO) found the petitioner guilty of committing the act as charged. Dkt. No. 2 at 12. The petitioner subsequently appealed to both the Regional and Central Offices, but those appeals were denied. *Id.* at 17-26. As part of his sanctions for this violation, the petitioner received thirty (30) days of disciplinary segregation. Dkt. No. 21-2 at 3. After his thirty (30) days expired, the petitioner remained in the Special Housing Unit (SHU) pending transfer. Dkt. No. 21 at 5. The petitioner was then transferred to USP Hazelton. *Id.*

However, upon further administrative review by the BOP, the petitioner's charge was reduced to Unauthorized Physical Contact, a violation of Prohibited Act 409. Dkt. No. 21-1, p. 2. Along with this adjustment, the petitioner's disciplinary record was amended, and his 27 days disallowed good conduct time was restored. Dkt. No. 21-4..

## C. Federal Habeas Corpus

### 1. Petitioner's Contentions

In his § 2241 petition, the petitioner alleges only, as Ground One, that the Act 205 charge should have been at most a 407 or 409 charge. Dkt. No. 1 at 4-5. However, the government has liberally construed the petitioner's Memorandum in Support to allege another seven grounds. Dkt. No. 21 at 2. They are as follows:

- Ground Two: The DHO denied petition's request to review video footage of the incident.
- Ground Three: The DHO and Chairman of the Unit Discipline Committee (UDC) were not properly certified.
- Ground Four: Similarly situated inmates receive lesser charges for like conduct.
- Ground Five: Similarly situated inmates receive lesser sanctions.
- Ground Six: The petitioner's placement in the SHU is cruel and unusual punishment.
- Ground Seven: The petitioner's placement in the Special Management Unit (SMU) is cruel and unusual punishment.
- Ground Eight: The petitioner's transfer to USP Hazelton is cruel and unusual punishment.

*Id.*

### 2. Government's Response

The government argues that Grounds Four, Five, and Eight should be dismissed because the petitioner has failed to exhaust his administrative remedies concerning those claims. *Id.* at 12-14. Additionally, the government disputes all the alleged grounds on their merits. The government contends that Ground One is moot as the petitioner's record has been amended and his good conduct time restored. *Id.* at 16. The government also argues that Grounds Two and Three should be dismissed because the petitioner was adequately given his due process rights according to *Wolff*. *Id.* at 14-16. With regard to Grounds Four and Five, the government says that the petitioner has failed to present sufficient evidence to support an equal protection claim. *Id.* at 18-19. Lastly, the government alleges that the petitioner's placements in the BOP's system do not rise to cruel and unusual punishment and that Grounds Six, Seven, and Eight should be dismissed with prejudice. *Id.* at 16-18.

## III. Standards of Review

### *A. Motion to Dismiss*

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs, Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir.1993); *see also Martin,* 980 F.2d at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555

(2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." *Conley,* 355 U.S. at 45-46. In *Twombly*, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Conley,* 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* (citations omitted), to one that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I.DuPont de Nemours & Co.,* 324 F.3d 761, 765 (4th Cir.2003) (citing *Dickson v. Microsoft Corp.,* 309 F.3d 193, 213 (4th Cir.2002); *Iodice v. United States,* 289 F.3d 279, 281 (4th Cir.2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in *Ashcroft v. Iqbal,* where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. *Id.*

### B. Summary Judgment

The Supreme Court has recognized the appropriateness of Rule 56 summary judgment motions in habeas cases. *See Blackledge v. Allison,* 431 U.S. 63, 80 (1977). So too, has the Fourth Circuit Court of Appeals. *Maynard v. Dixon ,* 943 F.2d 407 (4th Cir. 1991). Pursuant to Rule 56c of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Motions for summary judgment impose a difficult standard on the moving party; for it must be obvious that no rational trier of fact could find for the nonmoving party. *Miller v. Federal Deposit Ins. Corp.,* 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242-252 (1986). To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." *Id.* "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Felty v. Graves-Humphreys Co.,* 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. *Anderson,* 477 U.S. at 248. It is well recognized that any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587-88 (1986).

## IV. Analysis

### A. Petitioner's Claims are Moot

The relief the petitioner seeks in relation to Grounds One through Five has already been granted. The petitioner has asked, in relation to these five claims, that his good conduct time be restored and his Code 205 violation be expunged. Dkt. No. 2 at 9. The Code 205 violation has been reduced to a Code 409. Dkt. No. 21-1 at 2.

Petitioner's good conduct time has been restored. *Id.* As such, there is no further relief

sought by the petitioner. Thus, his claims are moot and must be dismissed.

The petitioner also complains of his placement in the SMU. Dkt. No. 21 at 2. However, the petitioner was never in fact placed in the SMU. *Id.* at 5. As such, there is no further relief possible for the petitioner. Thus, the petitioner's claim in Ground Seven is also moot and must be dismissed.

### B. Petitioner's Placement within the BOP System is Discretionary

The Code of Federal Regulations provides several instances, including holdover status, transfer, and post-disciplinary detention, when a prisoner may be placed in administrative detention status. 28 C.F.R. § 541.23. The reason for administrative leave is to provide for "the security and orderly running of the institution." *Id.* Additionally, the United States Code reads, "The Bureau [of Prisons] may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another." 18 U.S.C.A. § 3621(b).

In Grounds Six and Eight, the petitioner alleges that his placement in the SHU and his transfer to USP Hazelton violate his constitutional rights. However, as described above, the petitioner only remained in the SHU pending transfer according to 28 C.F.R. § 541.23(c)(2). Additionally, the petitioner was then transferred to USP Hazelton according to 18 U.S.C.A. § 3621(b). Both of these decisions were done according to the letter of the law and were entirely within the BOP's discretion. At no point do they raise any constitutional concerns, nor do they present any additional relief to the petitioner. As such, these claims must be dismissed.

### C. Sufficiency of Evidence

"[T]he requirements of due process are satisfied if some evidence supports the decision of the prison disciplinary board to revoke good time credits." *Superintendent, Massachusetts Correctional Institution, Walpole v. Hill,* 472 U.S. 445, 455 (1985). "Ascertaining whether this standard is satisfied does not require . . . weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the

disciplinary board." *Baker v. Lyles*, 904 F.2d 925, 932 (4th Cir. 1990).

In *Hill*, a prison disciplinary board determined that three inmates violated prison rules by assaulting another inmate. The prison disciplinary board's conclusion was supported by little evidence: a "guard heard some commotion and, upon investigating, discovered an inmate who evidently had just been assaulted. The guard saw three other inmates fleeing together down an enclosed walkway. No other inmates were in the area." *Hill,* 472 U.S. at 456. Despite little evidence supporting the conclusion, the Supreme Court held that the evidence was sufficient because "[t]he Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board. Instead, due process in this context requires only that there be some evidence to support the findings made in the disciplinary hearing." *Hill,* 472 U.S. at 457.

In the instant case, the petitioner generally alleges that the photographic evidence used is not sufficient to prove a Code 205 violation. Dkt. No. 2 at 3. Instead, the petitioner insists that a review of video should have been conducted. *Id.* As discussed above, the Code 205 violation has been replaced by a lesser charge, partially negating this claim. Additionally, the DHO used still photos and the testimony of Correctional Officer Palomares. *Id.* at 12. This clearly meets the "some evidence" standard. Thus, the petitioner's claim must be dismissed.

## V. Recommendation

Based on the foregoing, the undersigned recommends that the respondent's Motion to Dismiss; Motion for Summary Judgment (Dkt. No. 20) be **GRANTED**, and the petitioner's §2241 petition (Dkt. No. 1) be **DENIED and DISMISSED WITH PREJUDICE**.

Any party may file, within fourteen (14) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such

objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn,* 474 U.S. 140 (1985); *Wright v. Collins,* 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce,* 727 F.2d 91 (4th Cir. 1984), *cert. denied,* 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket sheet. The Clerk of the Court is further directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Filing in the United States District Court.

DATED: July 2, 2013

*John S. Kaull*

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE